James P. **MITCHELL**, Secretary of Labor,
United States Department of Labor,
Plaintiff,

v.

Mike **AUSTFORD**, Defendant
(two cases).

Civ. Nos. 3711, 3712.

United States District Court
D. North Dakota,
Northeastern Division.
Oct. 20, 1960.

**920**

Harper Barnes, Regional Atty., U. S. Dept. of Labor, Kansas City, Mo., for plaintiff.

Philip B. Vogel, of Wattam, Vogel, Vogel, Bright & Peterson, Fargo, N. D., for defendant.

RONALD N. DAVIES, District Judge.

The above-entitled actions, consolidated for trial, were instituted by the plaintiff James P. Mitchell, as Secretary of Labor, under provisions of Title 29 U.S.C.A. §§ 201–219, Fair Labor Standards Act of 1938 as amended.

In Case No. 3711, pursuant to Section 17 of the Act, plaintiff seeks to enjoin the defendant, Mike Austford (whose correct name is Magnus Austford), from violating provisions of Section 15(a) (2) of the Act; and in Case No. 3712 plaintiff seeks recovery from the defendant of unpaid overtime wages allegedly due three former employees who had filed written requests with plaintiff asking the Secretary to institute such action on their behalf under Section 16(c) of the Act.

The defendant Austford owns and operates a small road construction business from his farm home near Cavalier, North Dakota. From 1957 to the date of trial he has employed from six to nine men. The work done by these employees consisted of driving gravel trucks, operating caterpillar tractors, employment as sand and gravel pit operators and in machine shop repair.

Work was done on township, county and in some instances state roads, located principally in Pembina County, North Dakota. Some of the roads worked on by the defendant and his employees were and are used by the United States Post Office Department in delivery of mail and by interstate carriers in the delivery of commodities in interstate commerce. Area farmers utilize these same roads to transport agricultural products from farm to shipping point, following which most of the produce was shipped to points outside North Dakota. If the roads that the defendant's employees worked upon were instrumentalities of interstate commerce, there can be no doubt that the defendant's employees were "engaged in commerce" and thus within the protection of the Act. Overstreet v. North Shore Corporation, 318. U.S. 125, 63 S.Ct. 494, 496, 87 L.Ed. 656; Mitchell v. Emala & Associates, Inc., 4 Cir., 274 F.2d 781.

"In the Overstreet and Pedersen cases, supra, we had to decide whether employees engaged in repairing *interstate* roads and railroads were 'in commerce.' In Overstreet we pointed out that *interstate* roads and railroads are indispensable 'instrumentalities' in the carriage of persons and goods that move in interstate commerce. We then held that because roads and railroads are in law and in fact integrated and indispensable parts of our system of commerce among the states, employees repairing them are 'in commerce.' Consequently he who

serves *interstate* highways and railroads services commerce." (Emphasis supplied). Alstate Construction Co. v. Durkin, 345 U.S. 13, 73 S.Ct. 565, 567, 97 L.Ed. 745.

The question presented in the case at bar is this: Are the county, township and state roads worked upon by the defendant and his employees interstate roads within the pronouncement of the Supreme Court in Alstate, supra?

"Where employees' activities have related to interstate instrumentalities or facilities, such as bridges, canals and roads, we have used a practical test to determine whether they are 'engaged in commerce.' The test is 'whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity.'" Mitchell v. Lublin, McGaughy & Associates, 358 U.S. 207, 79 S.Ct. 260, 264, 3 L.Ed.2d 243.

■■ The purpose of the Act being to extend Federal control in this field throughout the farthest reaches of the channels of interstate commerce (Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S.Ct. 332, 87 L.Ed. 460) and applying the test outlined in Lublin, supra, this Court concludes that the roads in question were and are instrumentalities of interstate commerce and that defendant's employees were "engaged in commerce" and thus covered by the Act.

The defendant's attorney has indicated in his brief that Mr. Austford is now and has for more than a year last past been in compliance with the provisions of the Fair Labor Standards Act, and of this the Court is satisfied.

However, to conclude this litigation in an orderly fashion and to preclude the possibility of further proceedings herein with respect of the Act, the Court finds that plaintiff in Civil Case No. 3711 is entitled to the injunction prayed for and in Civil Case No. 3712 that plaintiff is entitled to judgment against the defendant in the principal sum of $976.-65 together with interest and costs.

The attorneys for the Secretary of Labor will prepare formal findings, conclusions, orders and related instruments in conformance herewith and transmit them to the Clerk of this court with the least practicable delay.

It is so ordered.